≈ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____    7

UNITED STATES OF AMERICA
V.
Jennifer Victoria Martin aka Crosby/ various aka
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 05-89M-MPT.

CR05-65

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Probable cause was found during the preliminary hearing to support the charge.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ___ clear and convincing evidence X a preponderance of the evidence. the court finds that defendant is a risk of flight and will not abide by conditions of release on the following bases:
1. substantial evidence exists against defendant in support of the charge.
2. Defendant provide numerous names to the FBI during her interview after her arrest as well as representing herself as another individual prior to her arrest.
3. She provide an address where she claimed that she was living, 1508 Clayton Street to the FBI- investigation of that address confirms that she does not reside there. She also provided a telephone number which was not for the above address. Investigation shows that the address for that telephone is different than the above address. Investigation also shows that defendant does not reside at the address for the telephone number. Defendant gave another address to pretrial service, 1608 Clayton Street. Investigation by the FBI showed that there is no such address.
4. During the detention hearing defendant provided the address of her sister in Atlantic City where she claims that she was living, despite her representation to Pretrial Services that she had been living in Wilmington, DE for the past 18 months at 1608 Clayton Street (the non existant address). Defendant claimed that she could reside there while awaiting trial. Prior to this proffer, confirmation of the address and her sister's willingness to have her reside there had not occurred. During the hearing defendant represented that she has also resided at a shelter in Atlantic City, the address being 3529 Pacific Avenue. Interestingly, the warrants from Philadelphia Municipal Court for failure to appear for trial list her address in Atlantic City as 3528 Atlantic Ave, which defendant advised is a parking lot.
5. Defendant advise Pretrial Services that she had never been arrested or convicted of any offense (at least not under the false name of Victoria Martin). However, under what is now believed to be her real name, Victoria/Jennifer Crosby, the following criminal history was found: arrested 12/99 for falsifying records, conspiracy and theft by deception & placed on intervention program for 36 months. Charged April 2003 for wrongful

FILED
JUN 1 6 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

impersonation

Charges are still pending. Arrested in Philly March 2004 and May 2004, trial for Feb. 2005 for various forgery, fraud & deception charges. Defendant failed to appear for trial for which warrants were issued. Practically nothing defendant told the FBI and Pretrial Services has been accurate or truthful and therefore, this Court has no reason to trust defendant nor be assured that she would return to court as required.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 16, 2005
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).