IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                 Criminal Action No. 05- 65-SLR

VICTORIA CROSBY,



        Defendant.

## SUPERSEDING INDICTMENT

### Introduction: Facts Common To All The Schemes To Defraud

1. At all times material to this Indictment, Victoria Crosby was a natural person with a mailing address in Atlantic City, New Jersey.

2. From in or about November 2003 through in or about June 2005, in New Castle County, in the State and District of Delaware and elsewhere, including New Jersey, New York, Pennsylvania, Ohio, and California, the defendant Victoria Crosby ("CROSBY") devised schemes and artifices to defraud senior citizens of their money and property through use of the mails and wires.

3. As part of each scheme and artifice to defraud, CROSBY knowingly provided materially false and misleading information to victims, primarily elderly senior citizens, (hereinafter "the victims") for the purpose of obtaining the victims' (a) personal identifying information, including name, address, social security number, bank account number(s), and credit card account information; and/or (b) money, in the form of U.S. currency, money orders, wire transfers, and/or credit card cash advances.

FILED
OCT 13 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4.  It was part of each scheme and artifice to defraud that CROSBY knowingly and willfully provided materially false and misleading information about real or personal property to which the victims allegedly were entitled, as follows:

a) From at least November 2003 through June 2005, CROSBY contacted potential victims, living in California, Pennsylvania, Ohio, and Delaware, by telephone. During these telephone calls, CROSBY, using a fictitious name, posed as a employee/agent of an executive or judicial branch of the state or federal government, and/or as a representative of a private business concern, including insurance companies and law firms. In fact, CROSBY was not acting as an employee or representative of any governmental agency or private organization.

b) The victims were informed that they had inherited real or personal property left to them by a deceased relative (hereinafter "the inherited property"). CROSBY would describe the property as, among other things, the proceeds of an insurance policy or a real residential property (for example, a home). In fact, the victims had not inherited the property described, and the property described was fictitious.

c) The victims were told that the inherited property would be turned over to the victims as soon as certain payments were made. The payments, often for thousands of dollars, allegedly were due to pay back taxes and other administrative expenses. In fact, no taxes were due and owing because the victims had not inherited the fictitious property.

d) The victims were then transferred by telephone, allegedly to other individuals, who represented themselves to be employees/agents of executive and judicial branches of state and federal governments and/or of private businesses, including insurance companies and law firms. In fact, these individuals were not acting as employees or representatives of any governmental agency or private organization.

e) The victims were told that these additional individuals would be assisting them in obtaining the described inherited property. In fact, in each scheme to defraud, CROSBY and others would knowingly make materially false and misleading statements concerning the victims' receipt of the inherited property upon the victims' payment of back taxes or administrative expenses. In fact, no taxes or administrative expenses were due and owing because the victims had not inherited the fictitious inherited property.

5. It was further part of each scheme and artifice to defraud that once the victims agreed to provide the finances necessary to obtain the fictitious inherited property, CROSBY instructed the victims regarding how to obtain the funds. This instruction included assisting victims in contacting banks to withdraw currency, contacting Western Union to wire transfer funds, and contacting credit card companies to open up lines of credit and/or to add authorized users to the accounts, for the purpose of acquiring credit cards and/or cash advances on credit cards.

6. It was further part of each scheme and artifice to defraud that once the victims agreed to provide the finances necessary to obtain the fictitious inherited property, CROSBY instructed the victims how those funds, whether cash, Western Union money order, credit cards, and/or credit card advances, should be delivered to her.

7. It was further part of each scheme and artifice to defraud that CROSBY instructed the victims to send packages containing cash and/or credit cards via overnight delivery services, including Federal Express and UPS, to various addresses chosen by CROSBY. The packages were addressed to various individuals, including CROSBY, frequently using fictitious names. Some of these addresses to which packages were sent were fictitious or were for vacant lots; other addresses to which packages were sent were the street addresses of motels in Philadelphia, New York, and Delaware.

8. It was further part of each scheme and artifice to defraud that CROSBY would pick up packages from the various motels to which they had been sent by the victims. If the package had been addressed to a fictitious address, it was further part of each scheme and artifice to defraud that CROSBY would pick up the package from the overnight courier.

9. It was further part of each scheme and artifice to defraud that CROSBY utilized multiple cellular telephone numbers and frequently switched numbers to avoid detection.

10. It was further part of each scheme and artifice to defraud that the victims' personal identity information would be used by CROSBY to open up additional lines of credit and to obtain goods and services, including cellular telephone service.

11. It was further part of each scheme and artifice to defraud that CROSBY provided the victims with contact telephone numbers so that they could obtain information about the status of the fictitious inherited property. In fact, the numbers provided were not the numbers used to contact the victims, and once the victims sent their money and/or started inquiring about how the property would be transferred, all contact between the victims and CROSBY ceased.

12. It was further part of each scheme and artifice to defraud that the funds fraudulently obtained by CROSBY were utilized for her personal benefit and to pay for the expenses associated with perpetrating the fraud, including hotel bills, telephone bills, and shipping charges.

**COUNT 1 (Victim M.W.)**

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. From on or about March 17, 2004 through on or about April 9, 2004, in the District of Delaware and elsewhere, including Ohio, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to

be deposited materials to be sent and delivered by private and commercial carrier in furtherance of this scheme and artifice to defraud, to wit: on or about March 25, 2004, the defendant caused MBNA America to send via Federal Express from Newark, Delaware to M.W., Massillon, Ohio, a credit card for account number xxxx xxxx xxxx 1661 in the name of M.P. with M.W. as an authorized user on the card, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 2 (Victim M. M.)

15. Paragraphs 1 through 12 are incorporated herein by reference.

16. From on or about March 17, 2004 through on or about April 9, 2004, in the District of Delaware and elsewhere, including Ohio, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial carrier in furtherance of this scheme and artifice to defraud, to wit: on or about April 2, 2004, the defendant caused MBNA America to send via Federal Express from Newark, Delaware to M.W., Massillon, Ohio, a credit card for account number xxxx xxxx xxxx 0596 in the name of M.A.M., Daly City, California, with M.W. as an authorized user, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 3 (Victim M.R.)

17. Paragraphs 1 through 12 are incorporated herein by reference.

18. From on or about May 21, 2004 through on or about May 26, 2004, in the District of Delaware and elsewhere, including Ohio and Pennsylvania, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit

and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit: on or about May 24, 2004, the defendant caused MBNA America to send via Federal Express from Newark, Delaware, a package, Federal Express tracking number 6564 5311 1964, containing credit cards for account number xxxx-xxxx-xxxx-8698 in the name of V. Crosby, to V. Crosby, 1100 Arch Street, Apt. 408, Philadelphia, Pennsylvania 19107, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 4 (Victim N.N.)

19. Paragraphs 1 through 12 are incorporated herein by reference.

20. From on or about May 24, 2004 through on or about May 26, 2004, in the District of Delaware and elsewhere, including Ohio and Pennsylvania, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit: on or about May 24, 2004, the defendant caused MBNA America to send via Federal Express from Newark, Delaware, a package, Federal Express tracking number 6564 5311 5580, containing credit cards for account number xxxx-xxxx-xxxx-5201 in the name of V. Crosby, to V. Crosby, 1100 Arch Street, Apt. 408, Philadelphia, PA 19107, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNTS 5 and 6 (Victim M.R.)

21. Paragraphs 1 through 12 are incorporated herein by reference.

22. From on or about September 21, 2004 through on or about September 27, 2004, in the District of Delaware and elsewhere, including California and Pennsylvania, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to

6

defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier and United States Mail in furtherance of this scheme and artifice to defraud, to wit:

Count 5   On or about September 21, 2004, the defendant caused MBNA America to send a package via United States Mail from Newark, Delaware, containing credit cards for account number xxxx-xxxx-xxxx-7631 in the name of M. R. and Vicky Crainese to Long Beach, California 90803.

Count 6   On or about September 24, 2004, the defendant caused MBNA America to send via private and commercial interstate carrier from Newark, Delaware, a package containing credit cards for account number xxxx-xxxx-xxxx-7631 in the name of Vicky Crainese to 260 N. Golf Road, King of Prussia, Pennsylvania 19406.

All in violation of 18 U.S.C. Sec. 1341 and 2.

## COUNTS 7-9 (Victim G.F.)

23.   Paragraphs 1 through 12 are incorporated herein by reference.

24.   From on or about October 2, 2004 through on or about October 11, 2004, in the District of Delaware and elsewhere, including New Jersey, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce Western Union money transfers in furtherance of this scheme and artifice to defraud, to wit:

7

Count 7    On or about October 3, 2004, the defendant caused G.F. to wire funds via Western Union from Wilmington, Delaware, Western Union tracking number 8972106060, to a Victoria Crainese for pick up in Atlantic City, New Jersey.

Count 8    On or about October 3, 2004, the defendant caused G.F. to wire funds via Western Union from Wilmington, Delaware, Western Union tracking number 8972465569, to a Vickie Crainese for pick up in Atlantic City, New Jersey.

Count 9    On or about October 3, 2004, the defendant caused G.F. to wire funds via Western Union from Wilmington, Delaware, Western Union tracking number 8971996758, to a Vickie Crainesc for pick up in Atlantic City, New Jersey.

All in violation of 18 U.S.C. Sec. 1343 and 2.

### COUNT 10 (Victim G.F.)

25.  Paragraphs 1 through 12 are incorporated herein by reference.

26.  From on or about September 21, 2004 through on or about September 27, 2004, in the District of Delaware and elsewhere, including New York, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit: on or about October 9, 2004, the defendant caused G.F. to send a package with Kelly Brown, 506 N. Ford Avenue, Wilmington, DE 19805 as the listed sender and Rickie Grainstion, 215 W. 94th Street, #115, New York, New York, 10025 as the listed recipient, via United Parcel Service, tracking number J117 995 370 6, from Wilmington, Delaware, to New York, New York, in violation of 18 U.S.C. Sec. 1341 and 2.

## COUNTS 11-13 (Victim E.T.)

27. Paragraphs 1 through 12 are incorporated herein by reference.

28. From on or about April 11, 2005 through on or about April 18, 2005, in the District of Delaware and elsewhere, including California, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom materials in furtherance of this scheme and artifice to defraud, to wit:

Count 11    On or about April 15, 2005, defendant CROSBY picked up a United Parcel Service package, tracking/identification number A553 479 054 5, addressed to M. McDonald c/o Riverview Bldg, 7811 Governer Printz Blvd., Claymont, DE 19703, at the Riverview Inn Motel, 7811 Governor Printz Blvd., Claymont, DE 19703.

Count 12    On or about April 16, 2005, defendant CROSBY picked up a United Parcel Service package, tracking/identification number J137 064 237 7, addressed to M. McDonald, 7811 Governer Trincpz Blvd., Claymont, DE 19703, at the Riverview Inn Motel, 7811 Governor Printz Blvd., Claymont, DE 19703.

Count 13    On or about April 17, 2005, defendant CROSBY picked up a United Parcel Service package, tracking/identification number A551 019 573 3, addressed to M. McDonald, c/o Riverview Bldg, 7811 Governer Printz Blvd., Claymont, DE 19703, at the Riverview Inn Motel, 7811 Governor Printz Blvd., Claymont, DE 19703.

All in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNTS 14 & 15 (Victim R.S.)

29.  Paragraphs 1 through 12 are incorporated herein by reference.

30.  From on or about May 2, 2005 through on or about May 3, 2005, in the District of Delaware and elsewhere, including California, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom materials in furtherance of this scheme and artifice to defraud, to wit:

Count 14    On or about May 2, 2005, defendant CROSBY picked up a Federal Express package, tracking/identification number 851079479413, at the Federal Express distribution center at 2 Commons Blvd., New Castle, Delaware.

Count 15    On or about May 3, 2005, defendant CROSBY picked up a Federal Express package, tracking/identification number 851079477226, at the Holiday Inn in Claymont, Delaware.

All in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 16 (Victim - J.C.)

31.  Paragraphs 1 through 12 are incorporated herein by reference.

32.  From on or about May 19, 2005 to on or about May 20, 2005, in the District of Delaware and elsewhere, including California, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, and

did take and receive therefrom materials in furtherance of this scheme and artifice to defraud, to wit: on or about May 20, 2005, the defendant picked up a United Parcel Service package, tracking/identification number A539 5993 251, at the Super 8 Motel, 215 S. DuPont Highway, New Castle, Delaware, in violation of 18 U.S.C. Sec. 1341 and 2

### COUNT 17 (Victim - G.S.)

33. Paragraphs 1 through 12 are incorporated herein by reference.

34. From on or about June 10, 2005 through on or about June 12, 2005, in the District of Delaware and elsewhere, including New Jersey and California, VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom materials in furtherance of this scheme and artifice to defraud, to wit: on or about June 12, 2005, the defendant picked up a United Parcel Service package, tracking/identification number 1ZX0X9905865301182 and addressed to M. Granden or Barbara Johnson, from the Budget Motor Lodge, 140 S. DuPont Highway, New Castle, Delaware, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 18 (Victim E.M.)

35. Paragraphs 1 through 12 are incorporated herein by reference.

36. From on or about November 25, 2003 through on or about December 3, 2003, in the District of ~~Delaware~~ Eastern Pennsylvania [ES SRA 10/13/05] and elsewhere, including Ohio and ~~Pennsylvania~~ [ES SRA 10/13/05], VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and

11

attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit: on or about November 25, 2003, defendant CROSBY caused Discover Bank ("DiscoverCard") to send a package via private and commercial interstate carrier containing credit cards for account number xxx xxx xxx 3215 in the name of V.G. Crosby from Wilmington, Delaware to 1515 W. Allegheny Avenue, Philadelphia, Pennsylvania, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNT 19 (Victim P.F.)

37. Paragraphs 1 through 12 are incorporated herein by reference.

38. From in or about December 2003 through on or about January 19, 2004, in the Eastern District of Pennsylvania [Delaware struck] and elsewhere, including Ohio and Pennsylvania [struck], VICTORIA CROSBY, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit: on or about January 2, 2004, defendant CROSBY caused Discover Bank ("DiscoverCard") to send a package via private and commercial interstate carrier containing credit cards for account number xxx xxx xxx 8151 in the name of V. Crosby from Memphis, Tennessee [Wilmington, Delaware struck] to 1515 W. Allegheny Avenue, Philadelphia, Pennsylvania, in violation of 18 U.S.C. Sec. 1341 and 2.

### COUNTS 20 and 21 (Victim J.G.)

39. Paragraphs 1 through 12 are incorporated herein by reference.

40. From on or about January 24, 2004 through on or about February 6, 2004, in the Eastern District of Pennsylvania and elsewhere, including California, VICTORIA CROSBY,

defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier in furtherance of this scheme and artifice to defraud, to wit:

Count 20    On or about January 24, 2004, defendant CROSBY caused J.G. to send a package via private and commercial interstate carrier from Orangevale, California to 21 N. Juniper Street, Suite 704, Philadelphia, Pennsylvania.

Count 21    **On or about January 28, 2004,** defendant CROSBY caused Wells Fargo Bank to send a package via private and commercial interstate carrier from containing credit cards for account number xxxx xxxx xxxx 5493 in the name of V. Crosby from Des Moines, Iowa to 1515 W. Allegheny Avenue, Philadelphia, Pennsylvania.

All in violation of 18 U.S.C. Sec. 1341 and 2.

A TRUE BILL

_____<br>Grand Jury Foreman

COLM F. CONNOLLY  
UNITED STATES ATTORNEY

By: _[signature]_  
Shannon T. Hanson  
Assistant U.S. Attorney

Dated: October 13, 2005