IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-65-SLR |
| | : | |
| | : | |
| VICTORIA CROSBY, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO HAVE CASE DECLARED COMPLEX
PURSUANT TO 18 U.S.C. § 3161(h)(8)(B)(ii) AND FOR EXTENSION OF TIME IN
WHICH TO FILE PRE-TRIAL MOTIONS**

The defendant, Victoria Crosby, through undersigned counsel Eleni Kousoulis, hereby moves this Honorable Court to declare this matter complex, and for waiver of the speedy trial act and extension of time in which to file pre-trial motions until anytime after January 13, 2006, pursuant to 18 U.S.C.§ 3161(h)(8)(B)(ii), and Federal Rule of Criminal Procedure 45(b) and Local Rule 5(a). In support of this motion the Defendant submits as follows:

1.    On October 3, 2005, the Court extended the time in which Defendant could file pre-trial motions in this case until November 21, 2005.

2.    On November 3, 2005, Ms. Crosby was arraigned on a Superceding Indictment for this case that had been handed down on October 13, 2005.  At the time of the arraignment, the Magistrate Judge extended the time to file pre-trial motions to December 21, 2005.

3.    The Superceding Indictment contains additional criminal conduct against Ms. Crosby that the original Indictment did not contain. Whereas the original Indictment consisted of only

one count against Ms. Crosby, the Superceding Indictment contains twenty-one counts charged against Ms. Crosby. In addition, whereas the original Indictment involved only one alleged victim and the time period on May 2, 2005 through June 12, 2005, the Superceding Indictment involves thirteen alleged victims and alleged criminal conduct spanning from November 2003 through June 2005.

4.    The discovery in this matter that has been provided to the defense totals over 1500 pages.  Defense counsel requires additional time to sufficiently review all of the discovery and additional time to discuss the case with Ms. Crosby.  Due to the complexities of the case, the amount of discovery, and the number of witnesses, additional time is needed for defense counsel to determine what pre-trial motions, if any, to file.  It is respectfully requested that the defense be given an additional three weeks in which to file any pre-trial motions.

5.    18 U.S.C. § 3161(h)(8) and (B)(ii) provide that where it serves the ends of justice or where a case is unusual or complex, a continuance and/or exclusion of time may be appropriate. See also U.S. v. Jean, 25 F.3d 588 (7th Cir. 1994); U.S. v. Chalkias, 971 F.2d 1206, cert. denied. 113 U.S. 351 (1992).

6.    Pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), a district court may grant a continuance or extension of time where a case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits established by the Speedy Trial Act.  In deciding whether or not to grant a continuance for inadequate preparation time, courts should look to

> (1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case.

United States v. Scott, 48 F.3d 1389, 1393 (5th Cir.), cert. denied, 516 U.S. 902 (1995) (citing United States v. Kelly, 973 F.2d 1145, 1148 & n.3 (5th Cir. 1992)).

7.     Courts must also address constitutional concerns in determining whether to grant a continuance or extension of time for adequate preparation due to the complexity of a case. The Sixth Amendment of the United States Constitution guarantees the right to assistance of counsel. As stated by the Eleventh Circuit in  United States v. Verderame, 51 F.3d 249, 251 (11th Cir. ), cert. denied sub nom., Coffey v. United States, 516 U.S. 954 (1995):

> Under certain circumstances, denial of a motion for a continuance...may vitiate the effect of this fundamental right:
>> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.   Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Verderame at 251 (11th Cir. ) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).

8.     While it is true that federal courts are laboring under heavy case loads and have an interest in expediting cases, the interest in expeditiousness cannot outweigh the fundamental right to effective assistance of counsel guaranteed by the Sixth Amendment. See Verderame, 51 F.3d at 252. Implicit in this right to counsel is the notion of adequate time for counsel to prepare an adequate defense. Id.  Denying Ms. Crosby's motion for an extension of time in which to file pre-trial motions in this case would effectively eviscerate one of the Sixth Amendment's essential safeguards and ensure that justice will not be done.

9.     Shannon Thee Hanson, the Assistant United States Attorney handling the case for the government, does not object to the defendant's request for an enlargement of time in which to file

3

pre-trial motions or to defendant's request to have this matter declared complex.

WHEREFORE, for these reasons and any other such reasons as shall appear to the Court, the defense respectfully requests that this Court, in the interests of justice, declare this case complex and extend the time for Defendant to file pre-trial motions to anytime after January 13, 2006.

Respectfully Submitted,


/s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Victoria Crosby


Dated: December 20, 2005

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of Defendant's Motion to Extend Time to File Pretrial Motions is available for public viewing and downloading and was electronically delivered on December 20, 2005, to:

Shannon Thee Hanson, Esquire
Assistant U.S. Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

/s/  Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street Suite 110
Wilmington, DE  19801
(302) 573-6010

DATED:    December 20, 2005