IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-65-SLR |
| VICTORIA CROSBY, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, Victoria Crosby, by and through her undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence obtained in this case as a result of the unlawful arrest of Ms. Crosby on or about June 12, 2005, and for an order suppressing for use by the government any and all of Ms. Crosby's statements made to law enforcement officials, including statements taken from Ms. Crosby on or about May 26, 2004 and June 12, 2005, that the government intends to introduce at trial.

In support of this motion the defense submits as follows:

1. In this case, the defense is aware of two statements allegedly made by Ms. Crosby that the government may attempt to introduce at trial. On or about May 26, 2004, following her arrest in Philadelphia, PA, Ms. Crosby was interrogated by U.S. Postal Inspector Robert Bankhead and in response to questioning made a statement. On or about June 12, 2005, F.B.I. agents arrested Ms. Crosby at the Budget Motor Lodge, located at 140 South DuPont Highway, New Castle, DE.

Subsequent to this arrest and in response to questioning by law enforcement officials, Ms. Crosby made numerous statements to law enforcement officials, first at the Budget Motor Lodge and later at the Wilmington Office of the F.B.I. Following her arrest on both May 26, 2004 and June 12, 2005, law enforcement officials seized items from Ms. Crosby.

2. The defense contends that based on the information that the agents had at that time of both arrests, there was no probable cause justifying the stop and seizure of Ms. Crosby, and thus any subsequent search of Ms. Crosby was illegal and in violation of the United States Constitution. Therefore, any evidence obtained as a result of these illegal arrests, including any statements taken from Ms. Crosby following her arrests, must be suppressed.

3. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357). Where no probable cause and no warrant exist for a subsequent search and seizure, suppression of any evidence recovered will be required. See United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3d Cir. 1980). If the evidence was seized as a result of an illegal search, then the evidence obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

4. There was no probable cause to arrest Ms. Crosby on either May 26, 2004 or June 12, 2005. Therefore, any evidence found subsequent to Ms. Crosby's illegal arrests must be suppressed as fruits of those illegal seizures. See Wong Sun v. United States, 371 U.S. 471 (1963).

In this case, the defense argues that, with regard to the May 26, 2004 arrest, any evidence recovered from Ms. Crosby following her illegal arrest, including any statements taken from her, must be suppressed as "fruit" of the illegal arrest. With regard to the June 12, 2005 arrest, pursuant to the "fruit of the poisonous tree doctrine", the cell phone recovered from Ms. Crosby following her illegal arrest, the blue backpack and its contents, and any statements made by Ms. Crosby must all be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963).

5.  The defense also maintains that in addition to the reasons discussed above, suppression of the contents of the blue backpack is also warranted because Ms. Crosby's blue backpack was searched without a search warrant. In a warrantless search case, the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). In the present case, at the time Ms. Crosby's backpack was seized and searched it was not in Ms. Crosby's physical possession. The warrantless search of Ms. Crosby's backpack did not fall within any exceptions to the warrant requirement.

6.  The defense further contends that in addition to the statements taken from Ms. Crosby on May 26, 2004 and on June 12, 2005 being suppressable because these statements were "fruit" of her illegal arrests, Ms. Crosby's statements are also subject to suppression because they were taken in violation of the Fifth Amendment and in violation of Miranda.

7.  The Supreme Court, relying on the Fifth Amendment, has made it clear that involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample

evidence aside from the confession to support the conviction.

Jackson v. Denny, 378 U.S. 368, 376 (1964) (citations omitted).

8. Miranda v. Arizona, 384 U.S.436 (1966), firmly establishes that before the government can use statements obtained from the defendant through custodial interrogation, it must show both that the police adequately warned the defendant of his rights to remain silent and to have court-appointed counsel, and that the defendant knowingly, voluntarily and intelligently waived those rights.

9. The government bears a heavy burden to prove that the defendant made such a waiver. Brewer v. Williams, 430 U.S. 387 (1977). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, 384 U.S. 436 (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

10. Ms. Crosby did not adequately understand her rights, did not voluntarily waive them, and her statements were therefore not knowing or voluntary. In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

11. The facts of this case will show that Ms. Crosby's statements were not voluntary, and that, with regard to the June 12, 2005 statement, she was not properly mirandized prior to being initially questioned by law enforcement officials at the Budget Motor Lodge.

12. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and

4

reliably determined." Jackson v. Denno, 378 U.S. 368, 380 (1964). Once the defendant raises the issue regarding the admissibility of a statement, the government bears the burden of proving by a preponderance that the statement was voluntary. See Lego v. Twomey, 404 U.S. 477, 489 (1972).[1]

**WHEREFORE**, the defense respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above.

                                          Respectfully submitted,

                                          /s/
                                          Eleni Kousoulis, Esquire
                                          Assistant Federal Public Defender
                                          704 King Street, Suite 110
                                          Wilmington, DE  19801
                                          Attorney for Defendant Victoria Crosby

DATED: January 18, 2006

---

[1] It is the defense's position that an evidentiary hearing is needed in this case to further develop the facts with regard to this motion through the adversarial process.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.  05-65-SLR |
| | : | |
| | : | |
| VICTORIA CROSBY, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Pre-Trial Motion to Suppress Evidence and Statements is available for public viewing and downloading and was electronically delivered on January 18, 2006, to:

> Shannon Thee Hanson, Esquire
> Assistant U.S. Attorney
> 1007 Orange Street
> Suite 700, P.O. Box 2046
> Wilmington, DE   19899-2046

> /s/_____
> Eleni Kousoulis, Esquire
> Assistant Federal Public Defender
> 704 King St., Suite 110
> Wilmington, Delaware  19801
> Attorney for Defendant Victoria Crosby