*Filed in open court*
*$f_{M}T$ 4/13/06*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 05-65-SLR** |
| **VICTORIA CROSBY** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Victoria Crosby, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts 3, 4, and 17 of the Superseding Indictment. Counts 3, 4, and 17 charge the defendant with mail fraud, in violation of Title 18, United States Code, Section 1341. Each violation of the mail fraud statute carries a maximum sentence of twenty years imprisonment, five years supervised release, a fine of $250,000 or not more than twice the gross gain or loss from the offense, pursuant to 18 U.S.C. Sec. 3571(d), whichever is greater, restitution, and a special assessment of $100.00 per count.

2.      The defendant agrees to pay the $300.00 special assessment on or before the day

of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the

defendant agrees voluntarily to enter the United States Bureau of Prisons administered program

known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will

collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the

payment of the outstanding debt ordered.

3.      The defendant understands that the following are the elements of the Section 1341

violation to which she is pleading guilty and which the government would have to prove were

this matter to go to trial:

> (1) First, that the defendant knowingly participated in and devised and intended to
> devise a scheme to defraud the victims listed in each of Counts 3, 4, and 17 of the
> Superseding Indictment, respectively, to wit, M.R., N.N., and G.S., and to obtain
> money or property by false or fraudulent pretenses, representations or promises;
>
> (2) Second, that the scheme included a material misrepresentation or concealment of a
> material fact;
>
> (3) Third, that the defendant had the intent to defraud; and
>
> (4) Fourth, that the defendant used or caused another to deposit and cause to be
> deposited materials to be sent and delivered by private commercial carrier in
> furtherance of this scheme.

4.      The parties stipulate and agree that, based on information known to date, the

government's evidence is sufficient to prove that the loss resulting from the defendant's offense

conduct and that conduct for which the defendant is held responsible pursuant to United States

Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) (relevant conduct) is more than $400,000

but less than $1,000,000,  pursuant to U.S.S.G. Section 2B1.1(b)(1)(H) of the November 1, 2004

2

U.S. Sentencing Guidelines Manual. Accordingly, before any other adjustments, the defendant's offense level is 21.

5. The parties further stipulate and agree that the government's evidence is sufficient to prove the following additional adjustments to the defendant's offense level: (1) the defendant's offense involved 10 or more victims, resulting in a 2 level increase pursuant to Section 2B1.1(b)(2)(a); (2) the defendant's offense involved a misrepresentation that the defendant was acting on behalf of a government agency, resulting in a 2 level increase pursuant to Section 2B1.1(b)(8); (3) the defendant relocated and participated in relocating her fraudulent scheme from Pennsylvania to Delaware to evade law enforcement and/or regulatory officials, resulting in a 2 level increase pursuant to Section 2B1.1(b)(9); and (4) without authorization, the defendant used a means of identification unlawfully to obtain another means of identification, resulting in a 2 level increase pursuant to Section 2B1.1(b)(10)(C)(I). Based on information known to date, there are no other Chapter 2 enhancements to the defendant's sentence.

6. The parties further stipulate and agree that the government's evidence is sufficient to prove the applicability of Section 3A1.1(b)(1)'s "vulnerable victim" enhancement, resulting in a 2 level increase. Accordingly, based on information known to date, the defendant's total offense level is 31.

7. On or before the sentencing date, the government will dismiss the remaining counts of the Superseding Indictment as well as the original Indictment against the defendant in this case.

8. Provided that the government does not learn subsequently of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees to move for a

3

three (3) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. Section 3E1.1, based on the defendant's conduct to date. The government will make this recommendation because the defendant timely has notified authorities of her intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the sentencing guidelines.

10. The parties recognize that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the Guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend any ruling of the Court at any subsequent proceedings, including any appeal.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises,

4

representations, and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

Eleni Kousoulis, Esquire
Attorney for Defendant

By: _____
Shannon Thee Hanson
Assistant United States Attorney

Victoria Crosby
Defendant

Dated:    April  13 , 2006

**AND NOW**, this  13th  day of  april  , 2006, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
United States District Judge
District of Delaware

5